### Fuchs v. Morris.

(*Supreme Court, General Term, First Department.* May 13, 1892.)

**Bill of Particulars—Counterclaim.**

> Where a defendant sets up as a counterclaim a claim against plaintiff for services by a third party, alleged to have been assigned to defendant, he must furnish as full a bill of particulars thereof as the assignor would be required to do if he were suing therefor.

Appeal from special term, New York county.

Action by G. Fuchs against J. A. Morris for money due for an orchestrion sold by plaintiff to defendant, and for work performed in setting it up in defendant's clubhouse. Defendant set up four counterclaims, and on motion was required to furnish a bill of particulars of the fourth counterclaim, which was a claim alleged to have been assigned to defendant by one Henderson, an attorney at law, for services said to have been performed for plaintiff by him and one Treloar. From an order of the trial court directing defendant to file a further bill of particulars of the same counterclaim, defendant appeals. Affirmed.

Argued before Van Brunt, P. J., and O'Brien and Barrett, JJ.

*Coddington & Cruikshank,* (*A. B. Cruikshank,* of counsel,) for appellant. *Black, Ladd & King,* (*Mr. Ladd,* of counsel,) for respondent.

Per Curiam. The counterclaim was indefinite with regard to the contract between Henderson, the assignor of the defendant, and Treloar. In fact, Treloar's name is not mentioned in the answer; and it is only when we look at the bill of particulars that we see Treloar's relation to the item of $3,871.22, claimed to have been incurred by Henderson as an indebtedness to Treloar. The question involved should therefore be treated precisely as though Henderson (or Treloar) was himself suing for this sum, and had served a complaint substantially in the language of the bill of particulars. It would have been a matter of course, under these circumstances, to have required Henderson (or Treloar) to give the particulars of such claim; and it is quite clear that the defendant should be required to do likewise. The plaintiff cannot be compelled to go to trial without knowledge of these particulars merely because the defendant is the assignee of a person who is said to have incurred the disbursement in question. It is more appropriate that the defendant, who sets up this assigned claim, should procure from Henderson (or Treloar) these particulars, than that the plaintiff should be called upon to make an inquiry with regard thereto. If the defendant is unable to secure such particulars from Henderson or Treloar the consequences flowing from failure in that respect should fall upon him, rather than upon the plaintiff, who is simply in the position of a defendant with regard to this counterclaim, and who, like any other defendant, is entitled to the particulars of plaintiff's claim. The order should be affirmed, with $10 costs and disbursements.